# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**MICHELLE A. BUCHANAN AND**
**CHRISTOPHER K. BUCHANAN,**

        **Plaintiffs,**

**v.**                                      **Case No. SA-19-CV-1462-JKP**

**FREEDOM MORTGAGE**
**CORPORATION,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Dismiss (ECF No. 3) filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have not filed a response and the time for doing so has passed.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(e)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address the motion on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant the motion merely because Plaintiffs have not responded. It instead examines the merits of the motion and applies the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of response, there is no need to set out a detailed analysis of the law or legal issues.

This action arises from a contract between the parties for a home loan to Plaintiffs. *See* Orig. Pet. (attached as Ex. A to Notice of Removal (ECF No. 1)) ¶¶ 8-9. Plaintiffs concede that they have

"fallen behind on their mortgage payments." *Id.* ¶ 8. They contend that they were in loss mitigation with Defendant. *Id.* They seek injunctive relief to prevent foreclosure on their home. *Id.* ¶¶ 14-16. In addition, they assert a breach-of-contract claim and a claim for promissory estoppel. *Id.* ¶¶ 10-13.

The promissory estoppel claim fails because Plaintiffs have made no allegation that Defendant made any "to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *See George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A. H-10-3828, 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011). The breach-of-contract claim is properly dismissed in the absence of an allegation that Plaintiffs are current on their loan payments. *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Plaintiffs have conceded that they are not current on their loan payments.

For these reasons, Plaintiffs have no viable claim. And absent "a viable substantive claim, [the] request for injunctive relief is without merit." *Id.* (citing *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (per curiam)). "Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits" and when the plaintiff "has stated no viable cause of action" injunctive relief is unwarranted. *Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, 2019 WL 92190, at *5 (S.D. Tex. Jan. 2, 2019).

Because Plaintiffs' allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **GRANTS** the Motion to Dismiss (ECF No. 3), **DISMISSES** this action with prejudice, and **DENIES** the request for injunctive relief. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

**SIGNED this 27th day of April 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**